UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOHN CHIRICO; VENUS GAMUYAO,

                Plaintiffs,

           v.                            **MEMORANDUM AND ORDER**

UR MENDOZA JADDOU, Director of U.S.        21-CV-6278 (RPK)
Citizenship and Immigration Services; U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES; ALEJANDRO MAYORKAS,
Secretary of the U.S. Department of
Homeland Security; U.S. DEPARTMENT
OF HOMELAND SECURITY; and U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES, Administrative Appeals Office,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        Plaintiffs John Chirico and Venus Gamuyao challenge the denial of Mr. Chirico's petition seeking to classify Ms. Gamuyao as the fiancée of a United States citizen under Section 101(a)(15)(K) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(K). The lawsuit is dismissed because the Court lacks jurisdiction over plaintiffs' claims.

## BACKGROUND

        The following facts are drawn from the operative complaint and are assumed to be true for purposes of this order.

        In December 2016, Mr. Chirico, a United States citizen, filed a Form I-129F "Petition for Alien Fiancé(e)," seeking to classify Ms. Gamuyao, a citizen of the Philippines, as Mr. Chirico's fiancée under Section 101(a)(15)(K) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(K). Am. Compl. ¶¶ 4, 22–23, 106 (Dkt. #10-1). A United States citizen may file such a petition so that his or her non-citizen fiancé(e) may obtain a visa—known as a K-1 visa—

1

in order to enter the United States for the purpose of marrying the citizen petitioner. *See* 8 U.S.C. § 1101(a)(15)(K); 8 C.F.R. § 214.2(k)(1). In his petition, Mr. Chirico disclosed that he had pleaded guilty in 2004 to one count of "Possessing a Sexual Performance by a Child" in violation of New York Penal Law § 263.16. *See* Am. Compl. ¶ 48.

In July 2018, United States Citizenship and Immigration Services ("USCIS") issued a Notice of Intent to Deny Mr. Chirico's petition. *Id*. at ¶ 60. USCIS concluded that Mr. Chirico had been convicted of a "specified offense against a minor," 8 U.S.C. § 1154(a)(1)(A)(viii)(I); *see* 34 U.S.C. § 20911(7). Am. Compl ¶ 60. As a result, USCIS concluded that Mr. Chirico was ineligible to petition for a nonimmigrant fiancée visa unless he adequately established that he posed no risk to Ms. Gamuyao. *Ibid.*; *see* 8 U.S.C. §§ 1101(a)(15)(K)(i), 1154(a)(1)(A)(viii)(I).

Mr. Chirico responded with 149 pages of evidence, including statements from his therapists and psychiatrist that "he is not a sex offender and that he has a near zero likelihood of committing a sex offense in the future," a psychological evaluation showing that he "posed no risk to his fiancée because she is an adult female," and "28 letters of support detailing his good moral character." Am. Compl. ¶¶ 62–63, 75, 88, 96. USCIS denied Mr. Chirico's petition and his subsequent appeal, reasoning that Mr. Chirico did not establish beyond a reasonable doubt that he posed no risk to Ms. Gamuyao's safety and well-being. *Id*. at ¶¶ 8–9, 64, 111–12.

Plaintiffs filed this lawsuit challenging the denial of Mr. Chirico's I-129F petition. The operative complaint asserts three claims. First, plaintiffs contend that the denial was "arbitrary, capricious and an abuse of discretion or otherwise not in accordance with law" in violation of the Administrative Procedures Act, 5 U.S.C. § 551 *et seq*. Am. Compl. ¶¶ 130–41. Second, plaintiffs argue that the denial violated their Fifth Amendment right to procedural due process. *Id*. at ¶¶ 142–48. Finally, plaintiffs seek a declaratory judgment that the denial was unlawful. *Id*. at ¶¶ 149–56.

2

Defendants move to dismiss the complaint or, alternatively, for summary judgment. They argue that the Court lacks jurisdiction to review USCIS's discretionary denial of an I-129F petition and that, even if the Court has jurisdiction, plaintiffs' claims fail as a matter of law. *See* Mem. in Supp. of Mot. to Dismiss 12–25 (Dkt. #18). Plaintiffs cross-move for summary judgment. *See* Mem. in Opp'n to Mot. to Dismiss 13–16 (Dkt. #19).

## DISCUSSION

Plaintiffs' complaint is dismissed for lack of jurisdiction.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the court "must take all facts alleged in the complaint as true." *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In general, there is a "strong presumption in favor of judicial review of administrative action." *Nethagani v. Mukasey*, 532 F.3d 150, 154 (2d Cir. 2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 298 (2001)). "The authority of a court to review agency decisions in the immigration context, however, is expressly limited by 8 U.S.C. § 1252(a)(2)(B)." *Ruiz v. Mukasey*, 552 F.3d 269, 274 (2d Cir. 2009). Under that provision, "no court shall have jurisdiction to review . . . any . . . decision or action of the . . . Secretary of Homeland Security the authority for which is specified under" the subchapter containing Section 1154(a)(1)(A)(viii)(I) "to be in the discretion of the . . . Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii).

It is pellucidly clear that Section 1252(a)(2)(B)(ii) precludes jurisdiction in this case. The Immigration and Nationality Act, as amended by the Adam Walsh Child Protection and Safety Act, prevents a United States citizen "who has been convicted of a specified offense against a minor" from filing an I-129F petition "unless the Secretary of Homeland Security, *in the*

3

*Secretary's sole and unreviewable discretion*, determines that the citizen poses no risk to the alien with respect to whom a petition . . . is filed." 8 U.S.C. § 1154(a)(1)(A)(viii) (emphasis added); *see Makransky v. Johnson*, 176 F. Supp. 3d 217, 223–24 (E.D.N.Y. 2016).  This unequivocal language "specifically render[s] that determination to be within [the Secretary of Homeland Security's] discretion," *Nethagani*, 532 F.3d at 154, and so "Section 1252 prohibits judicial review of the USCIS's 'no risk' determination," *Makransky*, 176 F. Supp. 3d at 224.

Plaintiffs challenge only USCIS's discretionary no-risk determination.  *See* Mem. in Opp'n to Mot. to Dismiss 13–19.[1]  Accordingly, as several courts in this circuit have held in similar cases, the Court lacks jurisdiction.  *See, e.g.*, *Makransky*, 176 F. Supp. 3d at 224; *Morina v. Mayorkas*, No. 22-CV-2994 (LJL), 2023 WL 22617, at *9 (S.D.N.Y. Jan. 3, 2023); *Parella v. Johnson*, No. 15-CV-863 (LEK) (DJS), 2016 WL 3566861, at *4 (N.D.N.Y. June 27, 2016); *see also Ruiz*, 552 F.3d at 276 n.5 (suggesting in dicta that "factual determinations regarding whether an applicant convicted of an offense against a minor will pose a risk to the alien" beneficiary are unreviewable because the determination is "committed to the 'unreviewable discretion' of the Secretary of Homeland Security") (quoting 8 U.S.C. §§ 1154(a)(1)(A)(viii), (a)(1)(B)(i)).  Multiple courts of

---

[1] Plaintiffs have not preserved any claim that this Court has jurisdiction to resolve the threshold legal question of whether Mr. Chirico's conviction is a "specified offense against a minor" under the Immigration and Nationality Act, as amended by the Adam Walsh Child Protection and Safety Act.  As defendants observe, courts have reached differing conclusions regarding "whether § 1252(a)(2)(B)(ii) permits courts to review issues of law underlying a § 1154(a)(1)(A)(viii) no-risk determination." Mem. in Supp. of Mot. to Dismiss 16 n.5 (emphasis removed); *compare Privett v. DHS*, 865 F.3d 375, 380 (6th Cir. 2017) (holding that Section 1252(a)(2)(B)(ii) permits such review) *with Roland v. USCIS*, 850 F.3d 625, 629–30 (4th Cir. 2017) (holding that it does not).  But plaintiffs have not presented or preserved any claim for review of threshold legal questions.  While they state in several paragraphs of the statement of facts in their complaint that Mr. Chirico "did not actually commit an offense against a minor" for purposes of the Adam Walsh Child Protection and Safety Act, Am. Compl. ¶ 69, *see id.* at ¶ 71, the portions of the complaint that describe the basis for their Administrative-Procedures-Act claim make clear that plaintiffs are challenging USCIS's determination that Mr. Chirico failed to establish he posed no risk to Ms. Gamuyao, rather than whether Mr. Chirico committed a crime that necessitated a no-risk determination under Section 1154(a)(1)(A)(viii) in the first place.  *See id.* at ¶¶ 131–140.  Moreover, plaintiffs did not argue in their opposition brief that the motion to dismiss should be denied because their case presents a threshold legal question of whether Mr. Chirico's offense qualifies as a "specified offense against a minor" under the Adam Walsh Child Protection and Safety Act.  *See* Mem. in Opp'n to Mot. to Dismiss 8–19.  Instead, they argued that this Court may review USCIS's no-risk determination because the Administrative Procedures Act provides for review of agency actions and "there is a meaningful standard by which to measure [USCIS's] discretionary determination." *Id.* at 2; *see id.* at 8–10, 13–16.

appeals have reached the same conclusion. *See, e.g.*, *Bakran v. DHS*, 894 F.3d 557, 562 (3d Cir. 2018); *Roland v. USCIS*, 850 F.3d 625, 629 (4th Cir. 2017); *Privett v. DHS*, 865 F.3d 375, 381 (6th Cir. 2017); *Bremer v. Johnson*, 834 F.3d 925, 930 (8th Cir. 2016); *Gebhardt v. Nielsen*, 879 F.3d 980, 987 (9th Cir. 2018); *Bourdon v. DHS*, 940 F.3d 537, 539 (11th Cir. 2019).

It makes no difference that plaintiffs bring a claim under the Administrative Procedures Act. The Administrative Procedures Act does not apply "to the extent that . . . statutes preclude judicial review." 5 U.S.C. § 701(a)(1). "As such, the Court lacks subject matter jurisdiction to hear Plaintiff[s'] arbitrary-and-capricious claim[]." *Parella*, 2016 WL 3566861, at *4; *see Delgado v. Quarantillo*, 643 F.3d 52, 56 (2d Cir. 2011); *Lin v. United States Dep't of Homeland Sec.*, 699 F. App'x 44, 46 (2d Cir. 2017).

Likewise, plaintiffs cannot evade Section 1252's jurisdictional bar by styling their challenge to USCIS's discretionary determination as a due process claim. The Second Circuit has held that an "attempt to 'dress up' [a] challenge with the language of 'due process' is insufficient to provide our Court with jurisdiction to review [the] claim, inasmuch as [plaintiffs'] argument" is fundamentally "a challenge to the [agency's] exercise of discretion." *Avendano-Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 506 (2d Cir. 2006) (collecting cases). Plaintiffs argue that they were deprived of a "protected property interest" because Mr. Chirico "proved beyond a reasonable doubt that he does not pose *any* risk" to Ms. Gamuyao. Mem. in Opp'n to Mot. to Dismiss 16–17. This argument "is, at bottom, a challenge to the [agency's] exercise of [its] discretion," and so the Court lacks jurisdiction to consider it. *Bugayong v. INS*, 442 F.3d 67, 72 (2d Cir. 2006).[2] And

---

[2] This Court does not consider plaintiffs' suggestion in their opposition to defendants' motion to dismiss that defendants violated plaintiffs' substantive-due-process right to marry, *see* Mem. in Opp'n to Mot. to Dismiss 18–19, because the only constitutional claim presented in the complaint is for a procedural due process violation, Am. Compl. ¶ 18. "A plaintiff cannot amend his complaint in [a] response to a motion to dismiss." *Williams v. Rosenblatt Secs. Inc.*, 136 F. Supp. 3d 593, 609 (S.D.N.Y. 2015); *see Mathie v. Goord*, 267 F. App'x 13, 14 (2d Cir. 2008).

5

because "the declaratory judgment statute does not confer jurisdiction on a district court," *Fleet Bank, Nat. Ass'n v. Burke*, 160 F.3d 883, 886 (2d Cir. 1998), the Court also lacks jurisdiction to review plaintiffs' declaratory-judgment claim.

Plaintiffs argue incorrectly that 8 U.S.C. § 1252(a)(2)(D) compels a different result. *See* Letter Resp. to Defs.' Citation of Supp. Auths. 1–2 (Dkt. #22). Section 1252(a)(2)(D) states that "[n]othing in subparagraph (B) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). Because plaintiffs have not filed a "petition for review" in the "court of appeals," Section 1252(a)(2)(D) has no bearing here. *See Shabaj v. Holder*, 718 F.3d 48, 49 (2d Cir. 2013).

## CONCLUSION

Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is granted, and plaintiffs' cross-motion for summary judgment is denied. Plaintiffs may file a motion seeking leave to file a second amended complaint within thirty days. Any such motion should include the proposed second amended complaint as an exhibit and explain why leave to amend should be granted. If plaintiffs do not seek leave to amend within thirty days, judgment shall be entered and the case closed.

SO ORDERED.

      /s/ Rachel Kovner
    RACHEL P. KOVNER
    United States District Judge

Dated:     March 13, 2023
             Brooklyn, New York

6